FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 DEC 26 P 12: 20
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HERBERT LEON COHRAN, JR.,

    Plaintiff,

v.

CHARLES F. McPHEARSON;
DANIEL O'NEAL; ERIC A.
WATSON; and CAMDEN
COUNTY SHERIFF'S OFFICE,

    Defendants.

CIVIL ACTION NO.: CV213-033

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who formerly was detained in the Camden County Jail in Woodbine, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion for Summary Judgment or, in the alternative, a Motion to Dismiss. Plaintiff has filed no response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was subjected to the excessive use of force while he was detained at the Camden County Jail. Plaintiff also contends that Defendant

Watson witnessed this excessive use of force incident and failed to take any action. Plaintiff further contends that he was placed in a restraint chair for hours at a time.

Defendants aver that Plaintiff failed to exhaust his available administrative remedies. Defendants also aver that Plaintiff did not appear for his properly noticed deposition and failed to respond to their discovery requests. Defendants contend that Plaintiff fails to state a colorable claim for relief against Defendant Watson. Defendants also contend that the Camden County Sheriff's Department is not a legal entity capable of being sued.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff disregarded every piece of correspondence and discovery request, including his properly noticed deposition. Defendants assert that Plaintiff's failure to attend his deposition or otherwise participate in this litigation in any way justifies the dismissal of his Complaint.

"[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 37(d) states: "[I]f a party . . . fails, after being served with proper notice, to appear for that person's deposition," the court "where the action is pending may, on motion, order sanctions." FED. R. CIV. P. 37(d). Rule 37 permits the Court to "dismiss the action or proceeding or any part thereof" to remedy a Rule 37(d) violation. FED. R. CIV. P. 37(d)(3) & (b)(2)(A). Involuntary dismissal, however, is not a step which a court should take absent compelling circumstances. As the Eleventh Circuit has held, dismissal under Rule 37 "is an extreme remedy and should not be imposed if lesser sanctions will suffice." Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir.

AO 72A
(Rev. 8/82)

1988).  In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration.

Plaintiff has failed to explain why he did not appear for his deposition, which was properly noticed by being mailed, via certified mail, on September 16, 2013, to Plaintiff's address of record.  (Doc. No. 34-4, pp. 2–3; Doc. No. 34-5, p. 2; Doc. No. 34-6).  In addition, Plaintiff did not respond to Defendant Watson's discovery requests.  (Doc. No. 34-4, pp. 4–8).  Plaintiff also failed to respond to Defendants' Motion.

Because of Plaintiff's own inaction, the Court is unable to assess the willfulness of his conduct.  Plaintiff bears the burden of justifying his conduct, and he must suffer the consequences of his silence.  Given Plaintiff's complete failure to engage in discovery, to attend his deposition, or to offer any explanation for his behavior, dismissal of his action is an appropriate sanction under Rule 37. Navarro, 856 F.2d at 141–42 (several acts of neglect and indifference, including failure to appear for deposition, justified dismissal of plaintiff's action); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir. 1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non-appearance); Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice).

It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' unopposed Motion for Summary Judgment or, in the alternative, Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 26th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)